UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>               Plaintiff,<br><br>v.<br><br>LEE P. ENRIGHT, and NANCY K. ENRIGHT,<br><br>               Defendants. | Case No. 1:11-cv-00656-EJL-LMB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |
| LEE P. ENRIGHT, and NANCY K. ENRIGHT,<br><br>               Counterclaimants,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>               Defendants. | |

On August 20, 2013, United States Magistrate Judge Larry M. Boyle issued a

Report and Recommendation in this matter. (Dkt. 59.) Pursuant to 28 U.S.C. § 636(b)(1),

the parties had fourteen days in which to file written objections to the Report and

Recommendation. Objections and responses to the objections were filed by the parties.

The matter is now ripe for the Court's consideration.


## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court may accept, reject, or modify, in

whole or in part, the findings and recommendations made by the magistrate judge.  Where

the parties object to a report and recommendation, this Court shall make a de novo

determination of those portions of the report which objection is made. *Id*. Where,

however, no objections are filed the district court need not conduct a de novo review. In

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted

the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district
> judge must review the magistrate judge's findings and recommendations de
> novo if objection is made, but not otherwise. As the *Peretz* Court instructed,
> "to the extent de novo review is required to satisfy Article III concerns, it
> need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at
> 939 (internal citation omitted). Neither the Constitution nor the statute
> requires a district judge to review, de novo, findings and recommendations
> that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251
> ("Absent an objection or request for review by the defendant, the district
> court was not required to engage in any more formal review of the plea
> proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo
> review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

Furthermore, to the extent that no objections are made, arguments to the contrary are

waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are

not filed within fourteen days of service of the Report and Recommendation). "When no

timely objection is filed, the Court need only satisfy itself that there is no clear error on

the face of the record in order to accept the recommendation." Advisory Committee Notes

to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206

(9th Cir.1974)).  In this case, the objections were filed, so the Court is required to conduct

a de novo determination to the objected parts of the Report and Recommendation.


## FACTUAL BACKGROUND

This is the second Report and Recommendation in this case.  This action is one for

a deficiency judgment by Bank of America, N.A. ("BofA"), originally filed in Idaho state

court on November 9, 2011, against Defendants Dr. Lee P. Enright and Nancy K. Enright

(collectively referred to as the "Enrights").  Defendants removed the case to this court on

December 28, 2011.

The case involves two loan agreements made by BofA to the Enrights.  Both loans

were secured by a deed of trust against their home.  The Enrights defaulted under both

loan agreements and filed for bankruptcy protection prior to the trustee's sale.

Eventually, the bankruptcy stay was lifted and on September 8, 2011, both

foreclosure sales were completed. After contested bidding, a third party purchased the

property at the trustee's sale.  However, the total amount raised was insufficient to cover

the total outstanding amounts under the loans.  Thus, it is Plaintiff's position that "[t]he Enrights are still bound by their obligations to repay under the loans and the bank now seeks summary judgment on the deficiency due." *Plaintiff's Brief*, 2 (Dkt. 19-1).

After retiring in 1991, the Enrights moved from California to Idaho, and purchased a home in Ketchum ("Idaho Property").  In 2006, they choose to return to California. Having no income outside of distributions from Dr. Enright's $3 million IRA, the Enrights engaged the services of the bank's wealth management division, seeking advice on how to finance the purchase of the California home.  The Enrights claim that the bank's financial advisor, Robert Corker, "advised the Enrights to purchase a piece of real property in California using their Idaho property as collateral." *Id*. at 6.  According to the Enrights, despite voicing concerns regarding the solvency of Dr. Enright's IRA, Mr. Corker assured them that the house could be sold within two years. *Id*. at 7.

The promissory note for the first loan was executed on July 7, 2006, in the amount of $3.9 million.  ("First Deed of Trust"). The loan was secured with the Enrights' Ketchum home, real property located in Blaine County.  The Enrights used the loan to purchase a second home in California, while the Ketchum home was still on the market.

The Enrights listed the Ketchum property for sale with an asking price of $17.2 million. It did not sell, and on March 8, 2007, the Enrights secured a $1 million line of credit with the bank. (*Complaint*, Dkt. 1 at 5). The line of credit was secured by a second deed of trust on the Ketchum property. ("Second Deed of Trust")  (*Id*.) The Enrights opened that line of credit in order to make interest payments on the mortgages until the sale of the Idaho property was completed. *Id*. at 8.  On November 15, 2007, the parties

**ORDER ON REPORT AND RECOMMENDATION - 4**

modified the line of credit, increasing the Enrights' line of credit to $1.25 million. The line of credit remained secured by the second deed of trust.

Unable to sell the Idaho property, they incrementally reduced the asking price to $7.19 million. In March 2010, the Enrights allegedly received two separate offers to purchase the property for $5.25 million. The Enrights claim that the bank delayed approval of the sale until the offers were ultimately withdrawn.

The property did not sell, and the Enrights were unable to secure any more credit from the bank to make the interest payments. *Id.* The Enrights claim that Mr. Corker thus "advised the Enrights to start using their IRA to make the interest payments." *Id.* The Enrights argue that Mr. Corker "persuaded" them "to part with their entire life savings to service the interest debt alone on loans that the bank persuaded the Enrights to take." *Id.* The Enrights allege that Mr. Corker "threatened [them] by telling them that unless they made payments from the IRA funds, they would be in default and the foreclosure process could only yield pennies on the dollar." *Id.* According to the Enrights, based on this advice, they "completely liquidated their IRA during their attempts to stay current ..." *Id.*

Despite their efforts, the Enrights defaulted on both deeds of trust and on February 15, 2011, the bank recorded notices of default and set a trustee's sale for June 21, 2011. On May 6, 2011, the Enrights filed for Chapter 11 Bankruptcy, automatically staying the sale. Once the Bankruptcy Court granted the bank relief from the automatic stay, on September 8, 2011, the bank completed its non-judicial foreclosure and the

trustee's sale.  The First Deed of Trust sold for a cash bid of $3.9 million.  The second

deed of trust sold for a credit bid of $10,000.

     At the time of the sale, the following was outstanding under the promissory note

for the First Deed of Trust:

| | |
|---|---|
| Principal Balance: | $3,900,000.00 |
| Interest: | $   600,152.30 |
| Costs and expenses: | $     19,208.35 |
| Total Amount: | $4,519,360.65 |

(*Complaint*, Dkt 2-1, at 4). The following figures illustrate the status of the Second Deed

of Trust:

| | |
|---|---|
| Principal Balance: | $1,249,999.06 |
| Interest: | $    57,925.05 |
| Costs and expenses: | $      313.49 |
| Total Amount: | $1,308,237.60 |

*Id*. at 6.  The figures for both deeds of trust are undisputed.  Taking the total amounts

outstanding at the time of the trustee's sale, less the sale prices of the instruments, leaves

a deficiency balance of $619,360.65 on the First Deed of Trust, and a deficiency balance

of $1,298,237.60 on the Second Deed of Trust.  The bank further claims that interest on

the line of credit, and attorney's fees and costs continue to accrue.

     The bank makes two claims for deficiency judgment. The Enrights make counter-

claims for breach of fiduciary duty, constructive fraud, intentional misrepresentation,

breach of contract and negligence (Dkt. 51).

     The Court previously granted in part and denied in part the motion for summary

judgment.  (Dkt. 50.) The Court determined the amount owing on each loan and BofA's

**ORDER ON REPORT AND RECOMMENDATION - 6**

right to foreclose were not contested, but that genuine issues of material fact existed regarding the fair market value of the property on the date of the sale. *Id.* The Court also allowed the Enrights to amend their counterclaims to see if they could cure the deficiencies noted in the previous motion to dismiss.  *Id.*

The Enrights filed a First Amended Counterclaims (Dkt. 51) and BofA has filed a second Motion to Dismiss Counterclaims (dkt. 52).  Judge Boyle recommends the Motion to Dismiss Counterclaims be granted.  In addition to the objections filed by the Enrights, they also filed a request for the Court to take judicial notice (Dkt. 61).

## REQUEST FOR JUDICIAL NOTICE

The Enrights seek this Court to take judicial notice of what was on the Securities and Exchange Commission's website on a date years after the loans at issue in this case were made.  The Court has reviewed the website materials and finds the website does state an investment advisor is a fiduciary.  The Court will take judicial notice of the website, but finds the conclusion on the website it is not relevant for determining as a matter of law whether the allegations of the Enrights in their amended counterclaims state a claim upon which relief can be granted.

## OBJECTIONS

Defendants again object to the magistrate judge's recommendation to grant the motion to dismiss the Enrights' counterclaims.  The Court has reviewed the objection and the analysis of Judge Boyle.  The Court agrees with Judge Boyle that as a matter of law, the current counterclaims should be dismissed.   A motion to dismiss made pursuant to

**ORDER ON REPORT AND RECOMMENDATION - 7**

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50; *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

Defendants argue Judge Boyle failed to consider new allegations contained in the First Amended Counterclaims that if taken as true would support a finding a fiduciary relationship existed between the Enrights and their banking officer, Mr. Corker.  This

**ORDER ON REPORT AND RECOMMENDATION - 8**

case is in a slightly different posture than a case where the first motion for the court to resolve is a motion to dismiss.  In this case, the Court has already ruled on motions for summary judgment and a motion to dismiss counterclaims.  The Court is familiar with the affidavits of the Enrights as well as the deposition testimony of Mr. Corker.  However, for purposes of the motion to dismiss, the Court will only consider the allegations set forth in the First Amended Counterclaims and not the other pleadings filed in this case.

In reading the Enrights' First Amended Counterclaims, the Court finds the facts have not changed, but the Enrights have tried to use conclusory allegations of law regarding an alleged fiduciary relationship to cure the defects earlier noted by the Court. For instance in ¶ 11:  "At this initial meeting, the [sic] Dr. Enright did his due diligence by asking Mr. Corker regarding his abilities, experience and education to satisfy Dr. Enright that Mr. Corker would be an adequate fiduciary advisor to advise the Enrights on the best way forward."  By adding the terms "fiduciary advisor" and stating elsewhere Mr. Corker acted as the Enrights "trusted agent" and was their "financial advisor" is using conclusory allegations of law and unwarranted inferences to circumvent a motion to dismiss for failure to state a claim.   *See Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

The Court agrees with BofA, that no new significant "facts" have been alleged to support the Enrights' renewed allegations Mr. Corker was anything other than their client relationship officer that submitted their loan requests to the loan departments of BofA for approval. Adding to the First Amended Counterclaims in ¶ 12 that "At all times that the Enrights consulted with and sought Mr. Corker's advice, Mr. Corker was a FINRA

**ORDER ON REPORT AND RECOMMENDATION - 9**

registered broker and investment advisor representative holding multiple series licenses"
is another example of an improper inference.  Just because a person is a registered broker
with certain licenses does not mean that same person was acting as a fiduciary such that
the amended counterclaim states a claim upon which relief can be granted.  The Court
will not make the inference that because Mr. Corker was a broker he had a fiduciary
relationship with the Enrights for their transactions with BofA. The factual allegations of
the counterclaims are that Mr. Corker recommended certain loans to the Enrights and he
submitted the paperwork to the loan department for approval of the loans.

Using the term "investment advisor" to label Mr. Corker role is insufficient under
*Twombly*. The Enrights need to allege facts that Mr. Corker "acted" as their investment
advisor, which they have not done.  The Enrights have in essence only alleged via
specific facts that Mr. Corker advised them to take out certain loans and credit lines and
told them the bank could consider their other assets in determining whether or not to loan
monies.  Dropping the conclusory labeling by the Enrights, this Court agrees with Judge
Boyle that the First Amended Counterclaims does not provide sufficient new facts to
support a finding that the relationship of Mr. Corker was more than a lender-borrower
relationship.  Even that relationship is a stretch since the Enrights do not allege Mr.
Corker had any decision making authority to grant or deny the loan and credit line
requests.

Because this Court finds the First Amended Counterclaims do not plausibly state a
claim for the existence of a fiduciary duty on the part of Mr. Corker, the Court agrees

**ORDER ON REPORT AND RECOMMENDATION - 10**

with Judge Boyle's analysis the breach of fiduciary duty claim must be dismissed.[1] No new allegations were included in the First Amended Counterclaims regarding the constructive fraud, intentional misrepresentation and breach of contract claims.  Because the Enrights failed to allege sufficient facts that if taken as true would support a fiduciary duty, these claims should also be dismissed. The failure to disclose "dual agency" claim also fails as there are insufficient facts to support that there was fiduciary duty to disclose the alleged dual agent role.  Finally, the negligence counterclaim fails as the First Amended Counterclaims fails to establish a duty (other than a fiduciary duty which has been rejected by the Court) that is alleged to have been breached.  Moreover, the Court agrees with Judge Boyle that under Idaho's economic loss rule, a claimant cannot recover for purely economic damages for torts claims, including negligence.

## CONCLUSION

The Court has reviewed the Report and Recommendation and the record in this matter and finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same and the Enrights' counterclaims must be dismissed.  The matter will proceed to trial on the disputed issue of

---

[1]The Court disagrees with Defendants' argument that Judge Boyle found the law "required" a written document before a fiduciary relationship could be created.  Rather, Judge Boyle indicated there was no allegation of written agreement of a financial advisor or investment advisor contract between the Enrights and Mr. Corker and that was another basis, not the sole basis, for finding no fiduciary relationship was created under the facts of this case.

**ORDER ON REPORT AND RECOMMENDATION - 11**

fair market value of the property when it was sold and the deficiencies, if any, owed to

BofA.

## ORDER

**IT IS ORDERED:**

1.      The Report and Recommendation (Dkt. 59) shall be **INCORPORATED** by

reference and **ADOPTED** in its entirety unless otherwise modified by this

Order.

2.      Plaintiff's Motion to Dismiss Counterclaims (Dkt. 52) is GRANTED and

Defendants' First Amended Counterclaims (Dkt. 51) are DISMISSED

WITH PREJUDICE.

3.      Defendants' Request for Judicial Notice (Dkt. 61) is GRANTED IN PART.

4.      A new trial date is set in this matter for **Tuesday, March 11, 2014 at  9:30**

**a.m.** at the James A. McClure Federal Courthouse in Boise, Idaho.

**DATED:  November 22, 2013**

**Honorable Edward J. Lodge**
**U. S. District Judge**

**ORDER ON REPORT AND RECOMMENDATION - 12**